IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY SCOTT OSLEY,

                              Plaintiff,                                    OPINION & ORDER

          v.
                                                                                 15-cv-314-jdp
LA CROSSE COUNTY JAIL,

                              Defendant.

---

Plaintiff Timothy Scott Osley, a resident of Sparta, Wisconsin, has filed this proposed lawsuit in which he alleges that he did not receive physical therapy for his injured shoulder when he was incarcerated at the La Crosse County Jail. Plaintiff has paid an initial partial payment of the filing fee for this lawsuit, as previously directed by the court.

The next step in this case is to screen plaintiff's complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because plaintiff is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct these problems.

ALLEGATIONS OF FACT

At some point either prior to or during his incarceration at the La Crosse County Jail, plaintiff Timothy Scott Osley had shoulder surgery. Plaintiff was supposed to have physical

therapy after the surgery to ensure he would maintain mobility in his shoulder. Although plaintiff's allegations are vague, I take him to be saying that while he was at the La Crosse County Jail, he did not receive physical therapy, even after complaining to staff about it. As a result, his arm is "locked up" and he is in pain.

ANALYSIS

I take plaintiff to be saying that defendants failed to properly provide for physical therapy following his surgery. It is unclear from the complaint whether plaintiff was a pretrial detainee or prisoner serving a sentence, but either way, a plaintiff may bring constitutional claims by alleging that he has a serious medical need and that defendants were "deliberately indifferent" to this need.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff alleges that he was supposed to receive physical therapy following his surgery, and that the failure to receive this at the jail led to his shoulder becoming "locked up." This is sufficient to show that he has a serious medical need. But plaintiff does not explain who has been deliberately indifferent to this need.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or

---

[1] The Eighth Amendment prohibits convicted prisoners from receiving cruel and unusual punishment in the form of inadequate medical care. Pretrial detainees are afforded "*at least* as much protection [under the Due Process Clause of the Fourteenth Amendment] as the constitution provides convicted prisoners." *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005) (emphasis in original).

opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

I will dismiss plaintiff's complaint because his allegations do not comply with these rules. The only entity he names as a defendant is the La Crosse County Jail. The jail itself is not an entity capable of being sued, and plaintiff does not name any individuals working within the jail who made the decision not to give him physical therapy. Plaintiff adds that he "want[s] to sue the county," Dkt. 1, at 5, but even if I construe La Crosse County to be a defendant, plaintiff does not allege enough to state a claim against the county. A county may be held liable for violating the constitution if the municipality has a policy or custom that caused the constitutional violation. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 692 (1978). However, plaintiff does not include any allegations suggesting that there was any county policy involved in the decision to deny him physical therapy.

I will give plaintiff a short time to file an amended complaint that explains the basis for his claims. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, plaintiff should explain (1) who he intends to name as a defendant; (2) and how he was injured by each defendant's actions. If plaintiff chooses to name the county as a defendant, he will have to explain the county custom or policy used by employees to deny him physical therapy. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

3

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Scott Osley's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until August 2, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

Entered July 12, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4