IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY SCOTT OSLEY,

          Plaintiff,

v.

LA CROSSE COUNTY, MARK CROSBY,
KIM NTIAMOAH, ABBY LOCKEN,
and NIKKI BUNKE,

          Defendants.

ORDER

15-cv-314-jdp

---

Plaintiff Timothy Scott Osley brings this lawsuit, alleging that he did not receive physical therapy following rotator-cuff surgery when he was incarcerated at the La Crosse County Jail. Defendant La Crosse County has filed a motion for summary judgment alleging that Osley failed to exhaust his administrative remedies for his claims. Defendants Nikki Bunke and Kim Ntiamoah have filed motions to join that motion, and they have also moved to dismiss the case for other reasons, including lack of proper service.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The county explains its jail grievance procedure: an inmate should first attempt to resolve a grievance informally, but if that effort fails, the inmate has seven days from the incident to fill out a grievance form. A jail sergeant has seven days to investigate and make a decision. An inmate dissatisfied with the jail sergeant's decision must file a written appeal to the jail captain within three days of the sergeant's decision.

The county says that Osley filed only one grievance about his shoulder injury, on April 25, 2015, in which he stated that he would need prompt surgery to correct the damage done to his shoulder from the lack of physical therapy:

> My shoulder and arm have been hurting me for the last 4 months I was scheduled to have physical therapy 3 times a week I was denied that now my arm is locked up in constant pain I have 1 month to get it fixed or it will be like this forever I was told I need something done now. I plan on taking further action if nothing is done. Thank you.

Dkt. 24-2. The jail's response (which appears to have been written by defendant Nurse Bunke) stated that staff discussed Osley's problem with his surgeon and a nurse practitioner, and that "[i]t has been documented that this surgery in fact does not need to be done within the 30 days that you have claimed." Dkt. 24-2. The response also stated that staff "was aware of the

situation but due to safety and security reasons we are unable to tell you or your significant other of the appointment date or time!" *Id*. Osley did not appeal this response.

Osley filed his summary judgment opposition in two parts, after the court granted him an extension of time to file a more complete response. *See* Dkt. 27 & Dkt. 31. But the thrust of his opposition is about the lack of care he received, not about his grievance. Osley also says that he "was unable to connect with any of the jail nursing staff or jailers because of waiting [for a phone call from a lawyer he had called for advice]." Dkt. 31, at 2.

The problem for Osley is that this case has not yet reached the stage where the parties litigate the merits of the case—that is, whether defendants actually disregarded his medical needs. The current motion is about whether Osley properly exhausted the internal jail grievance process, which he needs to have done to continue with this lawsuit. I will give him one final chance to oppose the motion. Perhaps part of the reason Osley does not discuss the exhaustion issue is because he has not gathered evidence from defendants, but at this point, it appears that we have defendants' side of the story. Now, I need to hear from Osley: he needs to explain whether he agrees with the county's facts about his grievance and his failure to file an appeal. If he does agree with the county, he needs to explain why he did not file an appeal or why he believes that the grievance process was unavailable to him. If Osley fails to respond to the order by the deadline set, I will grant the county's motion for summary judgment.

Defendants Bunke and Ntiamoah have also filed motions to dismiss the case for other reasons, including that they have not been properly served. Meanwhile, defendants Mark Crosby and Abby Locken, the other two individual defendants, filed nothing after the United States Marshal submitted receipts for service of process. The returns say that the Marshal served each of the individual defendants through the office manager at a company called

Corporate Creations. Dkt. 33. The returns also say that the office manager is authorized to accept service on behalf of Corporate Creations, but even assuming that all of the individual defendants work there, there is no reason to think that the business manager is authorized to accept service for the individual defendants in this case.

I would usually direct the Marshal to properly re-serve defendants under federal or state law, but I will hold off on that pending resolution of the exhaustion issue. Defendants Bunke and Ntiamoah have also filed motions to strike the current schedule and stay discovery pending the exhaustion decision. I will grant that motion. A new schedule will be set should the case survive the exhaustion motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Scott Osley may have until February 16, 2018, to supplement his opposition to defendant La Crosse County's motion for summary judgment based on exhaustion. Defendants La Crosse County, Bunke, and Ntiamoah may have until March 2, 2018, to file a supplemental reply.

2. Defendants Bunke's and Ntiamoah's motions to join the exhaustion motion, Dkt. 39 and Dkt. 48, are GRANTED.

Entered February 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge