IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY SCOTT OSLEY,

                Plaintiff,

  v.

LA CROSSE COUNTY, MARK CROSBY,
KIM NTIAMOAH, ABBY LOCKEN,
and NIKKI BUNKE,

                Defendants.

ORDER

15-cv-314-jdp

---

      Plaintiff Timothy Scott Osley, appearing pro se, alleges that he did not receive physical therapy following rotator-cuff surgery when he was incarcerated at the La Crosse County Jail. Defendant La Crosse County has filed a motion for summary judgment, contending that Osley failed to exhaust his administrative remedies for his claims. Defendants Nikki Bunke and Kim Ntiamoah joined that motion, and they have also moved to dismiss the case for other reasons, including lack of proper service. The other two individual defendants, Mark Crosby and Abby Locken, filed nothing after the United States Marshal submitted receipts for service of process. But the service returns appeared to show that the Marshal incorrectly attempted to serve the individuals by serving a business manager at a company that I assume is contracted to provide medical services at the jail. I previously stated that I would take up the service problems pending resolution of the exhaustion issue. Dkt. 55, at 3–4.

      In its exhaustion motion, La Crosse County stated that Osley filed only one grievance about his shoulder injury, on April 25, 2015, in which he stated that he would need prompt surgery to correct the damage done to his shoulder from the lack of physical therapy. The jail's response to the grievance stated that staff discussed Osley's problem with his surgeon and a nurse practitioner, that surgery was not required immediately, and that security reasons kept

them from letting him know the date of his next appointment. The county said that Osley did not appeal this grievance.

Osley's summary judgment response, Dkt. 27 and Dkt. 31, did not directly address the exhaustion issue; instead, he addressed substantive matters about the treatment he received. I gave him a final chance to oppose the exhaustion motion. Dkt. 55, at 3.

Osley has submitted his supplemental response, Dkt. 56, in which he concedes that he did not appeal his grievance. He says that he did not file an appeal for two reasons: he did not fully understand how do so given his mental health issues, and he thought it would be futile, "because by that point I had concluded it did not matter how often I complained or filed a grievance." *Id.* at 2. Ordinarily, an inmate's ignorance of the grievance procedures is not enough to show that the procedures were "unavailable" to him, *see, e.g.*, *Hudson v. Corizon Med. Servs.*, 557 F. App'x 573, 574–75 (7th Cir. 2014), which is what he needs to show to defeat the motion for summary judgment. Osley does not provide any evidence explaining the extent of his mental health problems, and his argument is belied by the fact that he was able to properly file a grievance in the first place, and his later statement that he chose not to file a grievance because he thought it wasn't going to help.

As I explained in my previous order, the Prison Litigation Reform Act requires an inmate to "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Osley concedes that he failed to do this, so I will grant defendants' motion for summary judgment.

That leaves the service issue. Defendants Crosby and Locken have not appeared in the case because they have not yet been properly served. But it would be futile to have the Marshal re-serve these defendants, because they would inevitably file their own exhaustion motion piggybacking off of this order. So I will dismiss this case in its entirety, including the claims against Crosby and Locken. That dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). This means that Osley can refile his claims if he can successfully exhaust them. But he will likely find it impossible to file proper grievances because the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Timothy Scott Osley's failure to exhaust his administrative remedies, Dkt. 22, is GRANTED and this case is DISMISSED without prejudice.

2. All other pending motions are DENIED as moot.

3. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered December 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge